# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **LORA DUVALL** and **ALEXIS ROSS**, on behalf of themselves and others similarly situated, | : : : | |
| | : | CASE NO. 2:22-cv-3372 |
| **Plaintiffs**, | : : | JUDGE |
| v. | : : | MAGISTRATE JUDGE |
| **DUNGARVIN OHIO, LLC**, | : : | **JURY DEMAND ENDORSED** |
| and | : : | **HEREON** |
| **DUNGARVIN, INC.**, | : : | |
| **Defendants**. | : : | |

**PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now come Plaintiffs Lora Duvall ("Named Plaintiff Duvall") and Alexis Ross ("Named Plaintiff Ross") (collectively "Named Plaintiffs"), individually and on behalf of others similarly situated, for their Complaint against Defendants Dungarvin Ohio, LLC ("Defendant Dungarvin OH") and Dungarvin, Inc. ("Defendant Dungarvin") (collectively "Defendants") for their failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); the claims brought pursuant to the Ohio are brought as a class action pursuant to Rule 23. Named Plaintiffs, individually and on behalf of others similarly situated, hereby state as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants employed Named Plaintiff Duvall and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

## II. PARTIES

### A. Plaintiffs

<u>Named Plaintiff Duvall</u>

4. Named Plaintiff Duvall is an individual, United States citizen, and a resident of the State of Ohio.

5. During the last three years, Named Plaintiff Duvall was employed by Defendants.

6. Named Plaintiff Duvall primarily worked as an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

7. At all times relevant, Named Plaintiff Duvall was a Direct Support Professional ("DSP")/Caregiver, also referred to as a Home Health Aide ("HHA"), primarily performing DSP responsibilities. During her employment with Defendants, Named Plaintiff Duvall traveled to and from Defendants' clients' residences in Ohio.

<u>Named Plaintiff Ross</u>

8. Named Plaintiff Ross is an individual, United States citizen, and a resident of the State of Ohio.

9. Named Plaintiff Ross was employed by Defendants beginning in or around 2017 to June 2021.

10. Named Plaintiff Ross primarily worked as an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

11. At all times relevant, Named Plaintiff Ross was a DSP/Caregiver, also referred to as a HHA, primarily performing DSP responsibilities. During her employment with Defendants, Named Plaintiff Ross traveled to and from Defendants' clients' residences in Ohio.

12. Named Plaintiffs bring this action on their own behalf and on behalf of those similarly situated home health employees, and they have given their written consent to bring this collective action to recover unpaid overtime under the FLSA and to recover unpaid overtime under the Ohio Wage Act. Named Plaintiffs' consents are being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consents to be Party Plaintiffs*, attached hereto as **Exhibit A**).

**B. Defendants**

13. Defendant Dungarvin OH is a foreign limited liability company that operates and conducts substantial business activities throughout Ohio. Defendant is a provider of in-home healthcare services.

14. Defendant Dungarvin is a corporation that is incorporated in and has its headquarters located in the state of Minnesota.

15. Defendant Dungarvin is a joint employer and/or a single integrated enterprise that provides a range of healthcare, residential, and home health services, such as day services, in-home care services, case management services, vocational services, and residential services to its clients

in the states of Ohio, Kentucky, Indiana, California, Colorado, Nevada, New Mexico, Oregon, Minnesota, Oklahoma, Wisconsin, North Carolina, Connecticut, and New Jersey.

16. Defendant Dungarvin has registered multiple business entities, including Defendant OH, as part of its enterprise to provide these services throughout the United States.

17. Although Named Plaintiffs and similarly situated employees are paid by one of Defendant Dungarvin's registered entities, such as Dungarvin OH, Defendant Dungarvin is their "employer" because it is the parent company that operates the single integrated enterprise and/or functions as a joint employer

18. At all relevant times, Defendants have had direct or indirect control and authority over Named Plaintiffs and other similarly situated employees' working conditions. At all relevant times, Defendants exercised that authority and control over Named Plaintiffs and other similarly situated employees.

19. At all relevant times, Defendants have had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiffs and other similarly situated employees at the locations where Defendants operated and Named Plaintiffs and other similarly situated employees worked. At all relevant times, Defendants exercised that authority and control over Named Plaintiffs and other similarly situated employees.

20. At all relevant times, Defendants have had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

21. Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to employees at their locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

22. At all relevant times, Defendants suffered or permitted Named Plaintiffs and other similarly situated employees to work. The work that Named Plaintiffs and other similarly situated employees performed was for Defendants' benefit.

23. Although Defendants may have registered numerous other "entities", Defendants and these "entities" maintain interrelated operations, centralized control of labor relations, common management, and common ownership and financial control.

24. Defendants were each an "employer" for the purposes of the FLSA and the Ohio Acts. Defendants are a single integrated enterprise and/or joint employers of Named Plaintiffs and all other similarly situated employees as those terms are defined in the FLSA and the Ohio Acts.

25. Defendants operate and control and enterprise and employ employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

26. At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III. FACTS

27. Defendants paid Named Plaintiffs and others similarly situated an hourly wage to perform work.

28. Named Plaintiffs and other similarly situated employees regularly worked more than 40 hours in a workweek.

29. During their employment with Defendants, Named Plaintiffs worked as DSPs providing companionship services, domestic services, home care, and other in-home services for Defendants' clients/patients.

30. During their employment with Defendants, Named Plaintiffs and others similarly situated regularly performed overtime work without compensation.

31. Named Plaintiffs and others similarly situated cared for multiple patients or clients throughout the day, and as such, they were required to drive between patients' homes. However, Defendants did not pay Named Plaintiffs and others similarly situated for their travel time between patients' homes.

32. As a result of Defendants' failure to compensate Named Plaintiffs and others similarly situated for their travel time between Defendants' patients' homes, Named Plaintiffs and other similarly situated employees were not paid one and one-half times their regular rate of pay for all hours worked over 40.

33. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment and recordkeeping laws of the United States and of the State of Ohio.

34. During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein. Defendants knew Named Plaintiffs and others similarly situated worked overtime without compensation for all overtime hours worked.

35. Defendants' failure to compensate Named Plaintiffs and other similarly situated employees as set forth above resulted in unpaid overtime.

**IV. 216(b) COLLECTIVE ALLEGATIONS**

36. Named Plaintiffs brings their FLSA claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of themselves and all other similarly situated employees of the opt-in class. The FLSA collective consisting of:

> All current and former hourly employees of Defendants who have: (1) provided companionship services, domestic services, healthcare services, home care, and/or other in-home services; (2) traveled to multiple clients' homes in the same day; and (3) were paid for 40 or more hours of work in any workweek during the three years preceding the filing of this Complaint (the "FLSA Collective" or the "FLSA Collective Members").

37. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees under the FLSA. In addition to Named Plaintiffs, numerous putative FLSA Collective Members have been denied proper overtime compensation due to Defendants' company-wide payroll policies and practices. Named Plaintiffs are representative of these other similarly situated employees and are acting on behalf of their interests, as well as their own interests, in bringing this action.

38. The identities of the putative FLSA Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

### V. RULE 23 ALLEGATIONS

39. Named Plaintiffs bring their Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following class:

> All current and former Ohio employees of Defendants who have: (1) provided companionship services, domestic services, healthcare

services, home care, and/or other in-home services; (2) traveled to multiple clients' homes in the same day; and (3) were paid for 40 or more hours of work in any workweek during the two years preceding the filing of this Complaint (the "Rule 23 Class" or the "Rule 23 Class Members").

40. The Rule 23 Class includes all current or former hourly, non-exempt home health employees employed by Defendants throughout the State of Ohio as defined above.

41. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

42. Named Plaintiffs are members of the Rule 23 Class, and their claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

43. Named Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

44. Named Plaintiffs have no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

45. Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

46. Questions of law and fact are common to the Rule 23 Class.

47. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

48. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiffs and the Rule 23 Class as a whole.

49. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

50. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Rule 23 Class for travel between Defendants' clients'/patients' homes; (b) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiffs and other members of the Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (d) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

51. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

52. All of the preceding paragraphs are realleged as if fully rewritten herein.

53. This claim is brought as part of a collective action by Named Plaintiffs on behalf of themselves and the FLSA Collective.

54. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

55. During the three years preceding the filing of this Complaint, Defendants employed Named Plaintiffs and the FLSA Collective Members.

56. Named Plaintiffs and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

57. Named Plaintiffs and the FLSA Collective Members were not paid for their travel time between Defendants' patients' homes.

58. Named Plaintiffs and the FLSA Collective Members worked in excess of 40 hours in one or more workweeks.

59. Defendants violated the FLSA with respect to Named Plaintiffs and the FLSA Collective by, *inter alia*, failing to compensate them at one-and-one-half times (1.5) their regular rates of pay for all hours worked over forty (40) hours in a workweek as a result of failing to pay them for their travel time between patients' homes.

60. Defendants also violated the FLSA with respect to Named Plaintiffs and the FLSA Collective by failing maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2 *et seq.*

61. Named Plaintiffs and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

62. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the FLSA Collective Members are entitled.

63. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiffs and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

64. As a direct and proximate result of Defendants' conduct, Named Plaintiffs and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the FLSA Collective Members.

**SECOND CAUSE OF ACTION:**
**O.R.C. § 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

65. All of the preceding paragraphs are realleged as if fully rewritten herein.

66. This claim is brought under the Ohio Acts.

67. Named Plaintiffs and the Rule 23 Class Members have been employed by Defendants, and Defendants are joint employers covered by the overtime requirements under the Ohio Acts.

68. The Ohio Acts require that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

69. Named Plaintiffs and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03 but were not paid overtime wages for this time spent working as a result of Defendants' failure to pay them for their travel time between patients' homes.

70. Named Plaintiffs and the Rule 23 Class were not exempt from the wage protections of the Ohio Acts.

71. Defendants' repeated and knowing failures to pay overtime wages to Named Plaintiffs and the Rule 23 Class Members were violations of O.R.C. § 4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the Rule 23 Class Members are entitled.

72. For Defendants' violations of O.R.C. § 4111.03, by which Named Plaintiffs and the Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Rule 23 Class Members.

## THIRD CAUSE OF ACTION:
## O.R.C. § 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

73. All of the preceding paragraphs are realleged as if fully rewritten herein.

74. Named Plaintiffs and the Rule 23 Class Members were employed by Defendants.

75. During all relevant times, Defendants were entities covered by the OPPA, and Named Plaintiffs and the Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

76. The OPPA requires Defendants to pay Named Plaintiffs and the Rule 23 Class Members all wages, including unpaid overtime, in accordance with O.R.C. § 4113.15(A).

77. During relevant times, Named Plaintiffs and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate of pay within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

78. Named Plaintiffs and the Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

79. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## FOURTH CAUSE OF ACTION:
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

80. All of the preceding paragraphs are realleged as if fully rewritten herein.

81. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08.

82. During times material to this Complaint, Defendants were covered employers, and required to comply with the Ohio Wage Act's mandates.

83. Named Plaintiffs and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

84. During times material to this Complaint, Defendants violated the Ohio Wage Act with respect to Named Plaintiffs and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiffs and the Rule 23 Class Members worked each workday and within each workweek.

85. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

**VII.  PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiffs request judgment against Defendants for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under the Ohio Acts;

D. Allowing Named Plaintiffs, the FLSA Class Members, and the Rule 23 Class Members to prove their hours worked with reasonable estimates if Defendants failed to keep accurate records;

E. Awarding to Named Plaintiffs and the FLSA Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiffs and the Rule 23 Class Members unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

G. Awarding Named Plaintiffs, the FLSA Collective Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Named Plaintiffs, the FLSA Collective Members, and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and the Ohio Acts;

J. Granting Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd.
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
        agedling@mcoffmanlegal.com
        khendren@mcoffmanlegal.com

*Attorney for Named Plaintiffs*
*and those similarly situated*

## JURY DEMAND

Named Plaintiffs request a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman